| | | | |
|---|---|---|---|
| | AUSA: Barbara Lanning | Telephone: | (313) 226-9100 |
| AO 91 (Rev. 11/11) Criminal Complaint | Task Force Officer: Kylie Churches | Telephone: | (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
    v.
Edwin Cole

Case: 2:25−mj−30469
Assigned To : Unassigned
Assign. Date : 7/23/2025
Description: CMP USA v Cole (SH)

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 21, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of a firearm |
| 18 U.S.C. 924(e) | Armed Career Criminal |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Kylie Churches, Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: July 22, 2025

_____
*Judge's signature*

City and state: Detroit, MI

Hon. Anthony P. Patti, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Kylie Churches, being duly sworn, depose and state the following:

## I. INTRODUCTION

1. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosive (ATF). I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations and make arrests of offenses enumerated under Federal law.

2. I have been a Task Force Officer (TFO) with ATF since March 2022, and I have had extensive law enforcement training, including at the Detroit Police Department Training Center. In addition to being a TFO with the ATF, I have been employed as a police officer with the City of Detroit for approximately six years. I also have a bachelor's degree in criminal justice.

3. I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement officers, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement officers, and information gained by my training and experience. This affidavit does not include all the information known to law enforcement related to this investigation.

4. ATF is currently conducting a criminal investigation concerning Edwin COLE for violations of 18 U.S.C. § 922 (g)(1) as a felon in possession of a firearm; and 18 U.S.C. § 924(e) as an armed career criminal.

## II.   PROBABLE CAUSE

5. On July 21, 2025, at approximately 9:04 p.m., Detroit Police officers were dispatched to an address on the 14000 block of Wilfred Street for a ShotSpotter run, indicating shots were fired in the area. Responding officers spoke to three juveniles near the address who reported seeing a black male wearing a hat fire off rounds from a gun. The juveniles reported the shooter was on a pedal bike and was last seen riding north on Newport Street.

6. The officers drove approximately three blocks north to the intersection of Houston Whittier Street and Loretto Street when they observed a black male—later identified as Edwin COLE—riding a bike north on Peoria Avenue. COLE matched the juvenile's description of the shooter. The officers watched COLE bike north on Peoria and turn west onto Troester Street.

7. The officers drove up to COLE and ordered him to stop pedaling. COLE refused to stop. COLE circled back to Peoria Avenue from Troester Street. The officers stopped COLE on Peoria Avenue, just north of Troester Street. Officers detained COLE to investigate.

8. While COLE was detained, officers searched the area of Troester Street and Peoria Avenue, looking for the firearm. Officers located a black Bersa

Thunder Pistol, .380 handgun on the grass in front of an address on the 14000 block of Troester Street, near Peoria Avenue.

    9.     Officers also responded to the original ShotSpotter scene on Wilfred Street. There, officers located two spent .380 caliber shell casings that were recovered and placed on evidence.

    10.     Officers placed COLE under arrest. Incident to that arrest, officers searched COLE and recovered two .380 caliber live rounds in his front right jeans pocket.

    11.     On July 22, 2025, I consulted with Special Agent (SA) Kara Klupacs, an interstate nexus expert. SA Klupacs stated that the Bersa Thunder, .380 caliber handgun, based on the written description provided, without physically examining it, is a firearm as defined by federal law and was manufactured outside the state of Michigan and therefore traveled in and affected interstate commerce.

    12.     On July 22, 2025, ATF Task Force Officer Reeves and Task Force Officer Scott conducted an interview with COLE at the Detroit Detention Center. COLE waived his *Miranda* rights. COLE stated that the gun was his and that he knows he has a record. COLE stated that he fired 2 to 3 rounds in the air and then threw the firearm after leaving because he knew he was not supposed to be around firearms. COLE stated the police stopped him seconds after he got rid of the firearm.

13. I reviewed records related to COLE's criminal history and learned the following:

    a. On or about January 3, 2003, COLE was charged in Wayne County's Third Circuit Court with felony stolen property – receiving / concealing - $1,000 or more but less than $20,000. On January 21, 2003, COLE pleaded guilty as charged. He was subsequently sentenced to one year of imprisonment followed by two years' probation.

    b. On or about September 12, 2003, COLE was charged in Wayne County's Third Circuit Court with felony carjacking, armed robbery, felony weapons – firearms – possession by felon, and felony weapons felony firearm. On February 2, 2004, COLE pleaded guilty as charged. He was subsequently sentenced to 24 months to 20 years imprisonment for felony carjacking and armed robbery, 24 months to 5 years imprisonment for felony weapons – firearms – possession by felon, and 2 years imprisonment for felony weapons felony firearm.

    c. On or about June 12, 2002, COLE was charged in Oakland County's 6th Circuit Court with felony stolen property – receiving / concealing - $1,000 or more but less than $20,000. On May 10, 2004, COLE pleaded guilty as charged. He was

subsequently sentenced to a term of 183 days in jail.

d. On or about September 29, 2010, COLE was charged in Wayne County's Third Circuit Court with felony controlled substance – possession of methamphetamine/ecstasy. On December 2, 2010, COLE pleaded guilty as charged. He was subsequently sentenced to a term of one year in jail followed by a year of probation.

e. On or about May 31, 2017, COLE was charged in Wayne County's Third Circuit Court with felony police officer – fleeing – third degree – vehicle code and felony police officer – assaulting/resisting/obstructing. On July 11, 2017, pleaded guilty to those counts. He was subsequently sentenced to a term of 9 months in jail followed by two years' probation.

f. On or about July 25, 2018, COLE was charged in Wayne County's Third Circuit Court with one count of assault with intent to do great bodily harm less than murder and one count of malicious destruction of property. On December 13, 2018, COLE pleaded guilty to assault with intent to do great bodily harm less than murder. COLE was subsequently sentenced to nine months' incarceration in the Wayne County Jail, followed by four years' probation.

      g.    On or about September 19, 2024, COLE was charged in Wayne County's Third Circuit Court with kidnapping, home invasion–third degree, domestic violence, and refusal of fingerprinting. On February 26, 2025, COLE pleaded guilty to home invasion-third degree. He was subsequently sentenced to a term of incarceration in the Wayne County Jail, followed by two years' probation.

14.    Based on my training and experience, defendants are warned of the maximum penalty when they enter a plea of guilty to a felony. Additionally, defendants are advised that they are pleading guilty to a felony. Based on the time COLE spent incarcerated or under supervision as a result of his felony conviction, and the severity of his conviction, there is probable cause to believe that COLE is aware of his status as a convicted felon.

15.    Further, COLE has been convicted of at least three different offenses—each qualifying under 18 U.S.C. § 924(e)(1) as violent felonies—committed on occasions different from one another.

### III. CONCLUSION

16.    Based upon the aforementioned facts stated herein, there is probable cause to believe COLE, a convicted felon aware of his felony convictions, did knowingly and intentionally possess a black Bersa Thunder, .380 caliber handgun, said firearm having affected interstate commerce, in violation of 18 U.S.C. §

922(g)(1). Further, there is probable cause to believe that prior to July 21, 2025, COLE had been convicted of at least three different offenses—each qualifying under 18 U.S.C. § 924(e)(1) as violent felonies—committed on occasions different from one another. These violations occurred on or about July 21, 2025, in Detroit, Michigan, in the Eastern District of Michigan.

Respectfully submitted,

_____
Task Force Officer Kylie Churches
Bureau of Alcohol, Tobacco, Firearms
and Explosives.

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
Honorable Anthony P. Patti
United States Magistrate Judge

July 22, 2025

7